UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE HEIRS OF THE ESTATE OF GEORGE MATTHEWS<br>*Plaintiffs* | * * * * * | CIVIL ACTION NO.: 2:25-MC-00309 |
| VERSUS | * * * | JUDGE: ELDON E. FALLON |
| EVANGELINE NATURAL RESOURCES, ENR GIBSON, LLC, IRONSTONE ENERGY, LLC, K EXPLORATION, LLC, and AFP EXPLORATION, INC.<br>*Defendants* | * * * * * | MAGISTRATE JUDGE: EVA J. DOSSIER |

**********************************************************************

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendants Evangeline Natural Resources, LLC and ENR Gibson, LLC (collectively, "Defendants"). R. Doc. 9. Defendants argue the instant Petition to Perpetuate Testimony pursuant to Federal Rule of Civil Procedure 27 filed by Plaintiff Heirs of the Estate of George Matthews must be dismissed for either lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted. R. Doc. 9-2. Despite being granted an extension of the deadline, Plaintiff filed no opposition to Defendants' Motion and the time to do so has passed. *See* R. Doc. 12. Having considered Defendants' Motion in light of the applicable law and record evidence, the Court will GRANT Defendants' Motion and DISMISS Plaintiff's Petition for lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When considering whether a court has subject matter jurisdiction over a Rule 27 proceeding to perpetuate

testimony, "[t]here need not be an independent basis of federal jurisdiction . . but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist[.]" *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979) (citing *Arizona v. California*, 292 U.S. 341, 347 (1934)). Accordingly, for this Court to assert subject matter jurisdiction over Plaintiff's Petition, Plaintiff must show that this Court would have subject matter jurisdiction over the yet-unfiled action for which he seeks to perpetuate testimony under Rule 27.

Plaintiff's Petition fails to make this showing. Plaintiff identifies the parties it expects to include in the contemplated action but does not provide complete biographical information such that this Court might determine it would have diversity jurisdiction over that action. R. Doc. 1 at 2–3. Nor does Plaintiff identify any federal statute under which it plans to bring the contemplated action that could provide this Court with federal question jurisdiction. Plaintiff states only that it "expects to be a party to an action in a United States Court complaining of actions outlined" in the Petition. *Id.* at 3. This statement alone is insufficient to carry Plaintiff's burden to show that this Court would have jurisdiction over the contemplated action. Accordingly;

**IT IS ORDERED** that Defendants' Motion to Dismiss, R. Doc. 9, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 27 Petition is **DISMISSED** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 1st day of October, 2025.

_____
United States District Judge